UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHARLES QUINN,

    Plaintiff,

vs.

NCL BAHAMAS, LTD.,
NCL AMERICA, INC.
a/k/a Norwegian Cruise Line,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, NCL (BAHAMAS) LTD. d/b/a NCL ("NCL"), by and through its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §1441, et. seq., and 9 U.S.C. §205, and respectfully states as follows:

1. Charles Daniel Quinn Cassanova, ("Plaintiff"), a Nicaraguan citizen and resident, alleges that on or about September 20, 2009, he was injured while working onboard the *Norwegian Star*.

2. Plaintiff's employment with NCL was governed by the terms of an Employment Agreement attached hereto as Exhibit "A."

3. Paragraph 12 of the Contract of Employment provides, in pertinent part:

> **Seaman agrees, on his own behalf and on behalf of his heirs, executors, and assigns, that any and all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seaman's shipboard employment with Company including, but not limited to, claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, wages, or otherwise, no matter how**

> **described, pleaded or styled, and whether asserted against Company, Master, Employer, Ship Owner, Vessel or Vessel Operator, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958) ("The Convention")**…
>
> • • •
>
> **The place of the arbitration shall be the Seaman's country of citizenship, unless arbitration is unavailable under The Convention in that country, in which case, and only in that case, said arbitration shall take place in Nassau, Bahamas. The substantive law to be applied to the arbitration shall be the law of the flag state of the vessel.**

*See* Exhibit A, ¶ 12.

4.  The Employment Agreement is commercial in nature. As such, the arbitration agreement falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). Because Plaintiff's claims arise out of his employment with NCL, and because Plaintiff assented to the terms and conditions contained in the Employment Agreement, the parties must submit this dispute to arbitration in Nicaragua or the Bahamas.

5.  On or about August 16, 2011, Plaintiff filed a five-count Complaint against NCL in state court in the Eleventh Circuit of Miami-Dade County, Florida, Case No. 11-25658 CA 13, asserting claims for Jones Act Negligence, Unseaworthiness, Maintenance and Cure, Unearned Wages, and Overtime Wages. A copy of the Complaint is attached hereto as Exhibit "B."

6.  The arbitration agreement is governed by the Convention, and its enabling legislation, 9 U.S.C §201 et seq. Nicaragua, the Bahamas, and the United States are all signatories to the Convention.

7.  Removal is proper in this action. This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 202 *et. seq.* Under 9 U.S.C. § 205, any action arising under the laws of the United States and relating to an arbitration agreement governed by the Convention may be removed. The grounds for removal are as follows:

  a. There has been no trial of the state court action;

  b. Plaintiff is a Nicaraguan seaman.

  c. Defendant NCL (Bahamas) Ltd. d/b/a NCL is a Bermuda Corporation;

  d. The Employment Agreement contains and arbitration agreement which requires arbitration of any and all claims arising out of Plaintiff's employment with NCL;

  e. The Employment Agreement requires arbitration in Nicaragua or the Bahamas;

  f. The Employment Agreement is commercial in nature;

  g. Nicaragua, the Bahamas, and the United States are all signatories to the Convention; and

  h. The parties to the Employment Agreement are a foreign corporation and a foreign seaman and The Employment Agreement requires arbitration of Plaintiff's claims. As such, this dispute falls under the provisions of the Convention. *See* 9 U.S.C. § 202 *et. seq.*

8. Accordingly, this Court has jurisdiction over this action, and this case should be removed to the Southern District of Florida, pursuant to U.S.C. § 205.

9. NCL files and presents herewith the sum of $350.00 as required by the Southern District of Florida Fee Schedule.

**MEMORANDUM OF LAW**

Federal district courts may exercise removal jurisdiction over cases for which they have original jurisdiction. *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 272 (5th Cir. 2002) (citing 28 U.S.C. §1441(a)). An action for which a district court has original jurisdiction "founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable…" *Id.* (citing 28 U.S.C. §1441(b)). "Under §203 of the Convention Act, '[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws

and treaties of the United States, notwithstanding the savings to suitors clause, under §205 of the Convention Act:  Where the subject matter of an action or proceeding in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the places where the action or proceeding is pending." *Id*.

A request to a federal district court to compel arbitration must be granted where, as here, 1) there is an agreement in writing to arbitrate the dispute; 2) the agreement provides for arbitration in the territory of a signatory to the Convention; 3) the agreement to arbitrate arises out of a commercial legal relationship; and 4) at least one party to the agreement is not a U.S. citizen.  9 U.S.C. §§201-208; *Francisco v. Stolt Achievement MT,* 293 F.3d at 272 (5th Cir. 2002).  Here, all prerequisites are met: 1) the Employment Agreement containing the arbitration agreement is in writing; 2) the Employment Agreement provides for arbitration in either Nicaragua or the Bahamas, both are signatories to the Convention; 3) the arbitration agreement arises out of a commercial, legal relationship, *Bautista v. Star Cruises*, 396 F.3d 1289, 1300 (concluding that seamen employment contracts are commercial); and 4) Plaintiff is a Nicaraguan citizen.

As such, this Court has jurisdiction over this action, and this case must be removed to the Southern District of Florida.

**WHEREFORE**, Defendant, NCL (Bahamas) Ltd., respectfully requests that this Court remove the aforementioned action, case number 11-25658 CA 13 on the docket of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, from that court to the United States District Court for the Southern District of Florida, and that this Court assume full

and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Defendant is entitled.

        Respectfully submitted,
        MASE LARA EVERSOLE, P.A.
        Attorneys for Defendant
        2601 South Bayshore Drive, Suite 800
        Miami, Florida  33133
        Telephone:  (305) 377-3770
        Facsimile:   (305) 377-0080

        By:    /s/ Valentina M. Tejera
                CURTIS MASE
                Florida Bar No. 478083
                cmase@mletrial.com
                VALENTINA TEJERA
                Florida Bar No. 536946
                vtejera@mletrial.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Facsimile and U.S. Mail on October 28, 2011 to: Luis A. Perez, Law Offices of Luis A. Perez, P.A., *Attorney for Plaintiff*, Alfred I. DuPont Building, 169 E. Flagler, Suite 721, Miami, Florida, 33131; fax: (305) 577-4445 and William F. Fabra, William F. Fabra, P.A., *Attorney for Plaintiff*, Alfred I. DuPont Building, 169 E. Flagler, Suite 721, Miami, Florida, 33131; fax: (305) 377-3233.

        /s/ Valentina M. Tejera
        Valentina M. Tejera