IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, FLORIDA

CHARLES QUINN,

GENERAL JURISDICTION DIVISION

    Plaintiff,

**CASE NO:**

vs.

NCL BAHAMAS, LTD.,
NCL AMERICA, INC.
a/k/a Norwegian Cruise Line,

    Defendant.

THE ORIGINAL FILED
ON   AUG 1 6 2011
IN THE OFFICE OF
CIRCUIT COURT DADE CO
CIVIL DIVISION

_____/

## COMPLAINT

Plaintiff, CHARLES QUINN, files this Complaint against the Defendant, NCL BAHAMAS, LTD., NCL AMERICA, INC., a/k/a NORWEGIAN CRUISE LINES, (hereinafter referred to as Norwegian Cruises), and alleges:

    1.    This court has subject matter jurisdiction over this action pursuant to Art. V sec. 5(b) of the Florida Constitution as the Plaintiff's claims are for damages in excess of fifteen thousand dollars ($15,000.00) exclusive of all attorney's fees, costs and interest, and pursuant to 28 U.S.C. sec. 1333, the *Savings to Suitors Clause*, as Plaintiff's claims arise under the Jones Act, formerly 46 U.S.C. App. §688 and codified October 6, 2006 as 46 U.S.C. § 30104 and the General Maritime Law as recognized by the courts of these United States and the courts of the state of Florida.

    2.    At all times material herein the Defendant, Norwegian Cruises, was the owner and/or operator of the vessel: "Norwegian Star" and/or was the bareboat Charterer and/or was the owner pro hac vice, thereof, in coastwise, inter-coastal and foreign commerce. Additionally, the Defendant was the employer of the Plaintiff at all material times.


EXHIBIT B

3. At all times material hereto, Defendant, Norwegian Cruises:

(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

(b) Was engaged in substantial activity within this state;

(c) Operated vessels in the waters of this state;

(d) Registered the vessels under a flag of convenience in a foreign country. The registration is a sham designed to avoid United States taxes and jurisdiction because the true base of operations of the "Norwegian Star" is South Florida.

4. Defendant is therefore subject to the jurisdiction of this court.

5. The causes of action asserted in this complaint fall under the Jones Act, formerly 46 U.S.C. App. §688 and codified October 6, 2006 as 46 U.S.C. § 30104 and General Maritime Law of the United States.

6. At all times material hereto, the Defendant owned, operated, managed, maintained and/or controlled the vessel, the "Norwegian Star."

7. On or about September 20, 2008, the Plaintiff was performing his duties as a seaman while aboard the "Norwegian Star" was in operation on navigable waters.

8. On the above date, the Plaintiff was carrying out his assigned duties as a utility galley doing garbage detail. At that time the Plaintiff was pulling a large and heavy bin which was set upon a round trolley with wheels, filled with wet garbage located in the crew galley in deck five (5) in order to take said bin to the pulpier machine located in deck four (4). While pulling said bin from the crew galley, plaintiff had to pull said bin over a threshold when one of the wheels fell off from the round trolley which the bin was set on, and said bin began to tip over. Plaintiff attempted

to hold the bin with his right hand and arm to keep from tipping over in order to prevent wet garbage from spilling all over the deck. While holding the bin, the Plaintiff felt a sudden and sharp pain in his right hand, wrist and arm.

9. Plaintiff immediately reported the accident and injury to his immediate supervisor. The Plaintiff was instructed to finish his shift. The Plaintiff worked the remainder of his shift despite experiencing severe right hand and wrist pain. The Plaintiff sought out another supervisor advising of the accident and he was seen by the shipboard physician.

10. The shipboard physician examined the plaintiff who provided pain pills and instructed the plaintiff to return to his regular duties. The Plaintiff returned to his regular duties, however continued to experience pain and discomfort in his right hand and wrist. Subsequently, he was seen by a shoreside doctor who advised that he had a fracture hand/wrist and needed surgery.

11. The Plaintiff was sent home for medical treatment. The Plaintiff underwent two hand surgeries. Despite Plaintiff's ongoing complaints of right hand and wrist pain, discomfort, stiffness and weakness, the physician selected by the defendant wrongfully and prematurely placed the Plaintiff at maximum medical improvement.

13. Subsequently, the Plaintiff notified the Defendant of his continuing right hand and wrist problems and requests for medical treatment. However, the Defendant ignored his complaints and refused to provide the Plaintiff with the medical treatment. Defendant also failed in their duty to investigate the Plaintiff's complaints and request for medical treatment.

14. Due to Plaintiff's unresolved and ongoing problems with his right hand and wrist, and the Defendant refusing to provided him with medical treatment, the Plaintiff was forced to seek medical attention on his own with two different physicians who indicated that the Plaintiff needed

an additional surgery to his right hand. Subsequently, Plaintiff notified the Defendant of his need for surgery, however, the Defendant once again ignored his request, and refused and failed to arrange for any medical treatment.

15. The Plaintiff has been permanently injured, has not received proper medical treatment, and continues to need medical treatment, including additional hand surgery.

16. The Defendant wrongfully terminated Plaintiff's maintenance and cure benefits by refusing to provide him with any further medical treatment despite his numerous notifications to the defendant concerning his right hand pain and need for surgery.

## COUNT I
## JONES ACT NEGLIGENCE

Plaintiff re-adopts and re-alleges paragraph 1-16 and further alleges:

17. This Count is brought against the Defendant for their breach of the non-delegable duty to provide Plaintiff with a reasonably safe vessel upon which to serve. This duty is imposed upon them as the employer(s) of Plaintiff, a seaman, by the Jones Act, formerly 46 U.S.C. App. §688 and codified October 6, 2006 as 46 U.S.C. § 30104. This duty extended to all areas of the vessel including its equipment, appurtenances, crew, staff and officers, and required the Defendant to equip the vessel with a competent crew and all necessary appurtenances, equipment and machinery to enable the crew, including the Plaintiff, to adequately and safely perform his assigned job duties.

18. On or about the above mentioned date, the Plaintiff was injured due to the fault and negligence of Defendant and/or its agents, servants and/or employees, as a direct and proximate result of the Defendant's breach of the foregoing duty. Further Defendant failed:

    (a) To promulgate and enforce reasonable methods, procedures, rules and regulations to

promote the safety and health of its seamen, including and without limitation the Plaintiff, with the pulling of the large and heavy bin of wet garbage on a defective trolley;

(b)     To reasonably inspect the vessel, its equipment and appurtenances, including the area designated by the Defendant where the Plaintiff was assigned to work, and more particular the equipment the Plaintiff is required to use in carrying out his assigned duties which required him to use a defective trolley to move a large and heavy bin of wet garbage;

(c)     To provide necessary and/or proper job safety equipment so that Plaintiff could reasonably and safely perform his assigned tasks and duties, to avoid the risk of injury;

(d)     To provide job safety and protective devices for Plaintiff designed for protecting him from dangerous activities while performing his assigned tasks and duties;

(e)     To have a sufficient number of crew on board the vessel and more particularly in Plaintiff's department to assist in moving the large and heavy bin of wet garbage;

(f)     Defendant also required the Plaintiff to work such excessive hours and under such strenuous conditions that the Plaintiff was rendered unable to appreciate the nature and extent of the hazards and dangers presented by the assigned duties and tasks and too exhausted to avoid injury;

(g)     Failed to provide proper medical care and treatment to Plaintiff which caused an aggravation of his injuries, caused him additional pain and suffering, disability, disfigurement, and prevented and/or prolonged his recovery;

(h)     Failed to investigate and ascertain the nature and cause of Plaintiff's right hand and wrist so as to take measures to prevent its aggravation and/or re-injury;

(i)     Failed to follow sound management practices with the goal of providing Plaintiff a safe place to work;

(j)     Failed to use reasonable care to provide and maintain a safe place to work for the Plaintiff, fit with proper and adequate machinery, crew and equipment so he can carry out his assigned duties;

(k)     Failed to provide adequate training, instruction and supervision to crew members and the Plaintiff;

(l)     Failed to provide prompt, proper and adequate medical care which aggravated Plaintiff's injuries and caused him additional pain and suffering;

19.     Specifically, on or about September 20, 2008, while Plaintiff was carrying out his assigned duties as stated above, he was injured due to the absences of assistance, supervision, training, equipment, and safety procedures in the moving the large and heavy bin of garbage on a defective trolley.

20.     As a direct and proximate result of the Defendant's breach of the foregoing duty and negligence, Plaintiff was injured in and about his body and extremities, without limitation his hand, wrist and arm, suffered physical pain, emotional distress, mental duress, loss of enjoyment of life, and incurred the expenses of hospitalization, medical and nursing care for his injuries, and aggravation of any previously existing conditions therefrom. Plaintiff has also lost wages and his ability to earn wages in the future has been impaired. All of these damages and injuries are permanent and continuing in nature and the Plaintiff will suffer them into the future. Plaintiff's injuries were foreseeable upon the Defendant's breach of the foregoing duty and in fact they were the direct and proximate result of the Defendant's breach of the foregoing duty.

**WHEREFORE, PLAINTIFF** demands judgement for all damages allowed by law, with costs and interest and any and all other relief this Honorable Court deems appropriate.

## COUNT II
## UNSEAWORTHINESS

Plaintiff re-adopts and re-alleges paragraphs 1 through 20 above and alleges:

21. The Defendant as the owner(s) and/or operator(s) of the vessel upon which Plaintiff served as a seaman, owed the Plaintiff the non-delegable duty to provide him with a safe and seaworthy vessel upon which to serve. This duty extended to all areas of the vessel, its equipment, appurtenances, crew and officers, including the area where Plaintiff was injured.

22. On or about September 20, 2008, on a date known to the Defendant, Plaintiff was injured when he was required to pull a large and heavy bin of wet garbage on a defective trolley. Plaintiff severely injured his right hand and wrist as a direct and proximate result of the Defendant's breach of the foregoing duty. Defendant breached such duty and thereby failed to provide a safe and seaworthy vessel for Plaintiff to serve upon, by among other acts and failures to act; requiring the Plaintiff to carry out such duties for the Defendant by requiring Plaintiff to use a defective trolley, in pulling a heavy bin of wet garbage without adequate assistance, supervision and rest; failing to provide them with necessary safety equipment, proper supervision and direction, sufficient work breaks and without being trained to carry out the tasks in a reasonably safe manner. Moreover, Defendant failed to establish rules and regulations that would allow for a safe and seaworthy vessel for Plaintiff to carry out his assigned duties. Further Defendant failed to:

(a) The vessel was unsafe and unfit due to the conditions created by the Defendant's conduct as stated;

(b) Defendant failed to promulgate and enforce rules and regulations to provide a safe and seaworthy vessel and promote the safety and health of its seaman, including without

limitation the Plaintiff, with regard to the moving of the heavy bin of wet garbage where Plaintiff was required to carry out his assigned tasks;

(c) Failed to perform inspections of the vessel, its equipment and appurtenances, including the areas where the Plaintiff was injured;

(d) Provide necessary and/or proper equipment so that Plaintiff and the other crew members could perform their assigned tasks and duties in a seaworthy fashion,

(e) Provide safety and protective devices and equipment for Plaintiff to perform his duties;

(f) Have sufficient number of crew on board vessel, and more particular in Plaintiff's department to adequately and safely carry out the assigned duties;

(g) The vessel was not reasonably fit for its intended purpose;

(h) The vessel's crew was not properly trained, instructed or supervised for the task of moving the large and heavy bin of wet garbage on a defective trolley;

(i) The vessel did not have a fit crew; and

(j) The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

23. As a direct and proximate result of Defendant's breach of the foregoing duty, Plaintiff was injured in and about his body and extremities, including without limitation his hand, wrist and arm. Further, Plaintiff suffered physical pain, emotional distress, mental duress, loss of the enjoyment of life, and incurred the expense of hospitalization, medical and nursing care for his injuries. Plaintiff has also lost wages and the ability to earn wages, and suffered all damages that are recoverable by law for the breach of such duty. All of these damages and injuries are permanent and

continuing in nature and the Plaintiff will suffer them into the future.

**WHEREFORE, PLAINTIFF** demands judgment for all damages allowed by law, with costs and interest and any and all other relief this honorable Court deems appropriate

## COUNT III
## MAINTENANCE AND CURE

Plaintiff re-adopts and re-alleges paragraphs 1 through 23 and alleges:

24. The Defendant, as the employer of the Plaintiff, owed him the non-delegable duty to provide him with "maintenance and cure" for any injury or illness occurring while he was in service of the vessel until he reached a point of maximum medical improvement. Maintenance is defined to include room and board, including food and a daily allowance for necessary incidentals and unearned wages until Plaintiff reaches maximum medical improvement.

25. Plaintiff became injured, as previously described, while in the employ of the Defendant and while working aboard Defendant's vessel. Despite Plaintiff's multiple requests, Defendant refused to fully comply with its obligations to provide maintenance and proper and adequate cure to Plaintiff. The precise amount owed for maintenance and cure and/or the exact dates for which such payments are due, are unknown at this time, but will be determined through discovery.

26. Instead of providing prompt and adequate medical treatment to Plaintiff which the Defendant knew or should have known was necessary, Defendant intentionally delayed the Plaintiff's medical treatment by failing to provide him with prompt and adequate medical; treatment, resulting in the need for additional treatment, including additional hand surgery, and which has prolonged Plaintiff's recovery from his injuries.

27. Because of Defendant's failure to promptly provide medical cure, Plaintiff's condition has deteriorated resulting in additional disability, pain and suffering.

28. Any cure that the Plaintiff did receive was inadequate, resulting in further aggravation of his right hand, wrist and arm injury and caused extreme or additional pain and suffering and resulting in a need for additional support.

29. The Defendant acted in a willful, arbitrary and/or callous manner by ignoring Plaintiff's complaint of hand, wrist and arm pain and need for medical treatment and maintenance.

30. The Defendant is in breach of its obligations under the United States maritime law to provide maintenance and cure.

31. The Plaintiff continues to need medical treatment and is not at maximum medical improvement. To the contrary, the failure to provide the Plaintiff with proper and timely cure, the delay in treatment and the unsuccessful medical treatment, has resulted in a worsening of Plaintiff's condition for which the Plaintiff has endured additional pain, suffering, disability, scarring and disfigurement.

32. The Plaintiff needs further treatment for his hand and wrist as well as other bodily and emotional pain.

33. As a direct and proximate result of the Defendant's persistent failure to provide maintenance and proper cure, Plaintiff has been injured in and about his body and extremities, suffered pain therefrom, suffered significant scarring, suffered aggravation of pre-existing conditions or injury, incurred medical expenses in the care and treatment of his injuries; suffered physical handicap, sustained the loss of ability to enjoy and lead a normal life, lost wages, tips, and fringe benefits and his ability to work has been impaired. In addition, the Plaintiff has incurred out of pocket expenses as a result of the Defendant's actions. The injuries and conditions stated above are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future and will require continuing medical care and treatment in the future.

34. The Plaintiff has been forced to hire counsel to pursue his remedies and is obligated to pay attorney's fees and costs.

**WHEREFORE, PLAINTIFF** demands provision of all past and future maintenance and cure, together with pre and post judgment interest, costs, and attorney's fees, and damages for pain and suffering and scarring and disfigurement against the Defendant and any other relief the court deems appropriate under the circumstances. Plaintiff demands trial by jury on all issues trial-able as a matter of right.

### COUNT IV
### UNEARNED WAGES

Plaintiff re-adopts and re-alleges paragraphs 1 through 34 and alleges:

35. The Plaintiff entered into an employment contract with the Defendant for the time periods he was employed as a crew member on Defendant's ship, which encompassed the time periods material hereto.

36. The Plaintiff signed a written contract covering the voyages upon the ship, but the Plaintiff is not in possession of the signed contract, which are within the exclusive possession of the Defendant. Defendant has refused to provide the Plaintiff with a copy of his employment. Alternatively, the contracts were oral and covered the time periods encompassing the described events.

37. Pursuant to the contract(s) and Maritime Law, if he felt ill or became injured while in the service of the vessels, the Plaintiff would be entitled to unearned wages until at a minimum, the end of the voyage, or the end of the contracts.

38. The Plaintiff was injured, as alleged above, while in the service of the vessel.

39. The Defendant failed and refused to pay his entire unearned wages due under the contract and has otherwise breached its contractual and legal obligations to the Plaintiff. The amount

due to the Plaintiff in unearned wages, will be determined through discovery.

40. The Plaintiff has been forced to hire counsel to pursue his remedies and is obligated to pay attorney's fees and costs.

**WHEREFORE**, the Plaintiff demands unearned wages, attorney fees, interest, costs and any other relief the court deems appropriate under the circumstances. Plaintiff demands trial by jury on all issues triable as a matter of right.

## COUNT V
## OVERTIME WAGES

Plaintiff re-adopts and re-alleges paragraphs 1 through 40 and alleges:

41. The Plaintiff entered into employment contracts with the Defendant for the time periods he was employed as a crew member on Defendant's ships, which encompassed the time periods described.

42. The Plaintiff signed written contracts covering the voyages upon the ship, but the Plaintiff is not in possession of all the signed contracts, which are within the exclusive possession of the Defendant. The Defendant has refused to provide to the Plaintiff a copy of his employment contract. Alternatively, the contracts were oral and covered the time periods described.

43. Pursuant to these contracts, the Plaintiff was entitled to overtime wages for time worked in excess of ten (10) hours a day. Plaintiff worked more than ten (10) hours a day, seven (7) days a week, but was only paid for ten (10) hours a day. The exact amount of such hours will be determined through discovery.

44. The Defendant failed and refused to pay such overtime wages due to the Plaintiff while under the contract for the time he worked overtime, and has otherwise breached its contractual and legal obligations to the Plaintiff. Defendant owes overtime wages to the Plaintiff, which amount will be determined through discovery.

45. The Plaintiff has been forced to hire counsel to pursue his remedies and is obligated to pay attorney's fees and costs.

**WHEREFORE**, the Plaintiff demands overtime wages, attorney fees, interest, costs and any other relief the court deems appropriate under the circumstances. Plaintiff demands trial by jury on all issues triable as of right.

DATED: August 15, 2011.

**LAW OFFICES OF LUIS A. PEREZ, P.A.**
Attorney for Plaintiff
Alfred I. DuPont Building
169 E. Flagler, Suite 721
Miami, Florida 33131
Tel: (305) 577-0063
Fax: (305) 577-4445

AND

**WILLIAM F. FABRA, P.A.**
Attorney for Plaintiff
Alfred I. DuPont Building
169 E. Flagler Street, Suite 721
Miami, Florida 33131
Tel: (305) 377-3232
Fax: (305) 377-3233

By:_____
William F. Fabra, Esq.
FL Bar No.: 0336350